**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHNNY B. HARGROVE

      Petitioner,

-vs-                                      Case No.  8:06-CV-2360-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Notice of Appeal

(Dkt. 25) of the October 21, 2008 decision denying his petition for relief under 28 U.S.C. §

2254. The Court construes the Notice of Appeal as a motion for issuance of a certificate of

appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 26).

Petitioner did not pay the appellate filing fee and costs or seek leave to proceed on appeal *in*

*forma pauperis*.

_____

[1]"Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or statewhy a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

The Court denied Petitioner's claims on the merits (Dkt. 23). While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Notice of Appeal (Dkt. 25), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 26), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
All Parties/Counsel of Record

2